## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STEVEN PATRICK MURPHY,

     Plaintiff,

-vs-
                      Case No.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and TRUIST BANK,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, STEVEN PATRICK MURPHY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and TRUIST BANK (hereinafter "Truist") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Florida Consumer Collection Practices Act. 559.*72 et seq*. ("FCCPA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

2

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Brevard County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Truist is a FDIC insured bank with its principal place of business located at 214 N Tryon Street, Charlotte, North Carolina 28202 that upon information and belief conducts business in the State of Florida.

17.     Truist is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Truist furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19.     In or about April 2023, Plaintiff became aware of an unauthorized and fraudulent charge to the Truist account ending in x2016.

4

20.     Shortly thereafter, Plaintiff disputed the fraudulent charge with Truist. In response, Truist reversed the fraudulent charge and issued a new credit card, account ending in x3085, to Plaintiff.

21.     In or about July 2023, Plaintiff again became aware of a new fraudulent charge to the Truist account ending in x3085.

22.     Shortly thereafter, Plaintiff again disputed the fraudulent charge with Truist and requested the Truist account ending in x3085 be closed. In response, Truist again reversed the charges, closed the Truist account ending x3085 as requested. Unbeknownst to Plaintiff another credit card was issued account ending in x2980.

23.     On or about October 12, 2023, Plaintiff learned that Truist opened a new account ending in x2980 when another fraudulent charge was made. Again, Plaintiff disputed the fraudulent charge and requested yet again to close their account with Truist.

24.     On or about October 19, 2023, Truist sent a letter to Plaintiff advising that the fraudulent charge and fee related to that charge would be removed from the Truist account ending in x2980.

25.     Upon review of his billing statement ending October 23, 2023, Plaintiff observed the unauthorized charge was removed. However, the unauthorized charge was transferred to the Truist account ending in x1539.

26.     On or about October 27, 2023, Plaintiff contacted Truist to dispute the fraudulent amount. During that phone call, the representative with Truist advised Plaintiff that the charges would be removed, and the Truist account ending in x1539 was closed. The representative stated the next billing statement would have a zero balance.

27.     Upon review of the billing statement ending November 27, 2023, Plaintiff observed a zero balance for the Truist account ending in x1539. However, Plaintiff observed yet another new account was opened, the Truist Account ending in x5087, which included the fraudulent charge, interest, and fees for a total of $258.12.

28.     On or November 28, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 166948394, informing them that he believed he was a victim of identity theft due to the fraudulent charges to the Truist Account.

29.     On or about December 1, 2023, Plaintiff filed a report with the Cocoa Police Department regarding the fraudulent charges to the Truist Account.

30.     On or about December 5, 2023, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the Truist Account ending in x5087 was being reported with a balance of $258.

31.    On or about December 14, 2023, Plaintiff mailed a detailed written dispute letter to Equifax concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Truist Account should have a zero balance and be closed. Plaintiff included an image of his driver's license and Social Security card, to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of documents from Truist regarding the reversal of the charges, images of his filed Identity Theft Report with the Federal Trade Commission, number 166948394, and other supporting documents.

32.    Plaintiff mailed his detailed dispute letters to Equifax via USPS Certified Mail, tracking no. 9589 0710 5270 0677 5675 20.

33.    On or about December 20, 2023, Equifax responded to Plaintiff's written dispute letter stating additional documents were required including proof of identity and a copy of an Identity Theft Report.

34.    Despite having already provided Equifax with the requested documents, on or about January 2, 2024, Plaintiff resent the requested documents.

35.    On or about January 14, 2024, Equifax responded to Plaintiff's dispute by stating the Truist Account ending in x5087 was verified and updated to reflect a balance of $301, past due amount of $25 and a pay status of 30-59 days past due. Such reporting negatively affected Plaintiff's credit.

36.     Despite providing Equifax with all the relevant information needed to prove the Truist Account was inaccurate, Equifax continued to report the inaccurate account balance.

37.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

38.     Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     On or about December 27, 2023, Plaintiff notice that the Truist Account ending ix x5087 was past due with a balance of $301.

41.     On or about December 28, 2023, Plaintiff mailed a detailed written dispute letter to Experian concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Truist Account should have a zero balance and be closed. Plaintiff included an image of his driver's license and Social Security card, to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of documents from Truist regarding the reversal of the charges,

images of his filed Identity Theft Report with the Federal Trade Commission, number 166948394, and other supporting documents.

42.    Plaintiff mailed his detailed dispute letters to Experian via USPS Certified Mail, tracking no. 9589 0710 5270 0677 5667 52.

43.    On or about January 23, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Truist Account was verified as accurate.

44.    Despite providing Experian with all the relevant information needed to prove the Truist Account was inaccurate, Experian continued to report the inaccurate account balance.

45.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.    Experian never attempted to contact Plaintiff during the alleged investigation.

47.    Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.    Additionally, on or about January 23, 2024, Plaintiff received a letter from Truist informing him that they would be closing the Truist account ending in x5087, but he is obligated to pay the full balance due. After disputing with Truist

multiple occasions, they knew or should have known the debt did not belong to Plaintiff.

49.    As of the filing of this Complaint, Equifax and Experian continue to report negative and inaccurate information on Plaintiff's credit report regarding the Truist Account, and Plaintiff's damages are on-going.

50.    Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

51.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.    Loss of time attempting to cure the errors;

  iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

iv.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

53.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.    Equifax allowed for a Furnisher to report inaccurate information on an account.

55.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.    Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

57.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

58.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

60.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

61.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.     Equifax allowed for a Furnisher to report inaccurate information on an account.

63.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.     Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

65.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.   Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

68.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

69.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

70.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information

14

and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

71.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

75.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

77.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

80.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

81.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Experian allowed for a Furnisher to report inaccurate information on an account.

83.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

17

84.     Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

85.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

89.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.    Experian allowed for a Furnisher to report inaccurate information on an account.

91.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.    Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

93.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

97.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

20

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

98.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

99.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

103.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

104.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

105.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Truist Bank (Negligent)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

109.   Truist furnished inaccurate account information to Equifax and Experian, and through Equifax and Experian to all of Plaintiff's potential lenders.

110.   Upon information and belief, after receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax and Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

111.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was fraudulent and inaccurate.

112.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

113.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

24

114.   As a result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Truist was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

116.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Truist Bank (Willful)

117.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

118.   Truist furnished inaccurate account information to Equifax and Experian, and through Equifax and Experian to all of Plaintiff's potential lenders.

119.   Upon information and belief, after receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax and Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

120.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was fraudulent and inaccurate.

121.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

122.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

123.   As a result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

125.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of Florida Statues § 559.72 (9) - as to Defendant, Truist Bank

27

126.   Plaintiffs re-allege and reincorporate paragraphs one (1) through fifty-one (51) above as if fully stated herein.

127.   Truist violated the Florida Statues § 559.72 (9) by attempting to collect a debt it knew was not legitimate.

128.   Truist had all of the information it needed to determine that the debt did not belong to Plaintiff yet mailed Plaintiff a letter stating that he owed money for an account that he did not request to be opened and the balance was a result of fraud.

129.   As a result of the conduct, action, and inaction of Truist, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.  Plaintiff is in fear based on the collection letters that Truist has sent, which will harm his credit reputation again.

130.   Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from Truist pursuant to the FCCPA.

131.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Citibank in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVEN PATRICK MURPHY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRUIST BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of February 2024.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620

29

Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*